IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER V. SMILDE,<br><br>        Plaintiff,<br><br>    v.<br><br>SAM MELCHNER, aka, ANDREI S. MELCHNER, dba, WIRELESS CABLE SERVICES AND INTERVISE, INC.,<br><br>        Defendant.<br>                                                              / | No. C 00-02687 CRB<br><br>**ORDER SETTING ASIDE DEFAULT JUDGMENT AND DISMISSING ACTION FOR LACK OF PROSECUTION** |

On February 15, 2002, the Court entered a default judgment in this action against defendant Sam Melchner. Now pending before the Court is Melchner's motion to set aside the judgment on the ground that, through no fault of his own, he only recently learned of this action and the subsequent judgment. After carefully considering Melchner's papers and his counsel's declaration as to service on plaintiff, the Court concludes that oral argument is unnecessary and GRANTS defendant's motion.

## DISCUSSION

"For good cause shown," a court may set aside a judgment by default in accordance with Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c); see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001). Under Rule 60(b) a judgment may be set aside in accordance with a motion made "in a reasonable time" if the judgment is void

1  or for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P.
2  60(b)(4), (6). In considering whether "good cause" is shown, the court should consider (1)
3  whether the defendant's culpable conduct led to the default, (2) whether the defendant has a
4  meritorious defense, and (3) and whether reopening the default judgment will prejudice the
5  plaintiff. TCI Group Life Ins. Plan, 244 F.3d at 696.

6       Defendant has shown good cause. First, he has established that he did not receive
7  notice of the lawsuit even though he was conspicuously present in this district because
8  plaintiff served defendant at an outdated address. Defendant has also established that
9  plaintiff made misrepresentations to the Court in order to obtain the default judgment.
10 Second, plaintiff has demonstrated that he has meritorious defenses to this action; namely,
11 that the action is barred by the statute of limitations and that Melchner cannot be held
12 personally liable.

13      The Court is unable to concretely determine the third factor, whether plaintiff will be
14 prejudiced by vacating the judgment. Despite defendant's diligent efforts at serving plaintiff,
15 plaintiff has not responded to the motion. Information obtained by a private investigator
16 hired by defendant suggests that plaintiff may have died in 2004. A collection agency,
17 however, attempted to collect on the judgment in January 2006. Defendant provided notice
18 of this motion to the collection agency, but it has not appeared or otherwise communicated
19 with the Court. Accordingly, this last factor does not weigh in favor of upholding the
20 judgment, especially in light of the misrepresentations made by plaintiff to obtain the
21 judgment in the first place.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION

As defendant has shown good cause for vacating the default judgment, the judgment entered on February 15, 2002 is SET ASIDE.  In addition, as neither plaintiff nor any party with an interest in the judgment has responded to the motion, this reopened action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for a lack of prosecution. Defendant shall serve a copy of this order on the collection agency that brought the judgment to his attention in the first instance.

**IT IS SO ORDERED.**

Dated: Nov. 29, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE